UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CAROLYN SINCLAIR, et al.,

        Plaintiffs,                          DECISION AND ORDER

vs.                                              07-CV-6277

CITY OF ROCHESTER, et al.,

        Defendants.

_____

**APPEARANCES**

For the plaintiffs:                  Emmelyn Logan-Baldwan, Esq.
                                          171 State Street, Suite 400
                                          Century Row
                                          Rochester, NY 14614
                                          (585) 232-2292

For the defendants:                Matthew D. Brown, Esq.
                                          City of Rochester
                                          30 Church Street, Room 400A
                                          Rochester, NY 14614
                                          (585) 428-6699

**INTRODUCTION**

      **Siragusa, J.** On June 20, 2007, by Decision and Order (# 11) the Court remanded this case, which had been untimely removed by Defendants. Now before the Court is Plaintiffs' motion for attorney fees and costs (# 12). For the reasons stated below, Plaintiffs' motion is denied.

**BACKGROUND**

The Court set forth the procedural history of this case in its prior Decision and Order, familiarity with which will be presumed. For the purposes of this motion, the Court highlights some of the prior background.

In its decision remanding this case, the Court determined that the 30-day limitation of 28 U.S.C. § 1446(b) for a motion to remand began to run on April 17, 2007, the date on which defense counsel acknowledged receipt of the proposed order, prepared by Plaintiff's counsel, granting permission to file the amended complaint. Decision and Order, *Sinclair v. City of Rochester*, No. 07-CV-6277 (W.D.N.Y. Jun. 20, 2007), at 5. The Court determined that defense counsel unquestionably "through service or otherwise," had received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…." 28 U.S.C. § 1446(b). *Id*.

On July 19, 2007, Plaintiffs filed the subject motion for attorney fees and costs. Plaintiffs made their application both pursuant to the removal statute, 28 U.S.C. § 1447(c), and as "prevailing parties" under 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976, P.L. 94-559. Defendants oppose the application on four grounds:

- that the motion is untimely under Federal Rule of Civil Procedure 54(d)(2)(B);
- that Defendants' removal was objectively reasonable;
- that Plaintiffs are not prevailing parties pursuant to 42 U.S.C. § 1988; and
- that Plaintiffs' claimed fees are excessive.

## STANDARDS OF LAW

*Remand Statute Attorney's Fee Authorization*

The remand statute provides for the discretionary award of attorney fees as follows:

> (c) …An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.…

28 U.S.C. § 1447(c) (1996). Interpreting this statute, the Second Circuit wrote:

> The goal of this provision is to deter improper removal.... While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir.1999). The U.S. Supreme Court issued guidance in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.… In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.… When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin*, 546 U.S. at 141 (citations omitted).

*Federal Rule of Civil Procedure 54*

In pertinent part, Federal Rule of Civil Procedure 54[1] states:

(a) Definition; Form. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.…

> (2) Attorneys' Fees.
>
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Fed. R. Civ. P. 54(a), (d)(2)(A) & (B) (2003).[2]

*Civil Rights Attorney's Fees Awards Act of 1976*

The Civil Rights Attorney's Fees Awards Act of 1976 provides in relevant part as follows:

> Attorney's fees. In any action or proceeding to enforce a provision of sections 1977, 1977A, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 USCS §§ 1981-1983, 1985, 1986],…the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as

---

[1] The Court's local rules do not address the timing of a motion for attorney's fees and costs. See W.D.N.Y. Loc. R. Civ. P. 54 (2003).

[2] By order dated April 30, 2007, the Supreme Court of the United States approved amendments to Rule 54, effective December 1, 2007. None of the amendments affect the provision cited here, though the amended language reformats the paragraphs into separate sub-sub-sub-divisions.

part of the costs….

42 U.S.C. § 1988(b) (2000).

***Calculation of Attorney's Fee***

In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162 (2d Cir. 2007), the Second Circuit addressed the loadstar method of calculating a reasonable attorney's fee in an award situation. It held:

> We therefore suggest that the district court consider, in setting the reasonable hourly rate it uses to calculate the "lodestar," what a reasonable, paying client would be willing to pay, not just in deciding whether to use an out-of-district hourly rate in its fee calculation. Indeed, the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively…. [T]he district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.

*Id*. at 163-64. In the Second Circuit, a party seeking an award of attorney's fees must support that request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983).

**ANALYSIS**

Defendants first oppose Plaintiffs' application for attorney's fees and costs on the grounds that the application is untimely pursuant to Federal Rule of Civil Procedure 54(d)(2)(B). Plaintiffs counter that, since the Court's Order remanding the case was not a final judgment, the time limitation in Rule 54 does not apply. In general, no appeal lies from an order remanding a case pursuant to 28 U.S.C. § 1447(c). The Court's prior Decision and Order does not meet the Rule 54 definition of a judgment, "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a) (2003). Consequently, the Court determines that the time limits in Rule 54 are not applicable here.

Second, Defendants maintain that their removal was objectively reasonable. Plaintiffs, however, argue that "there was in fact no basis to remove this case." (Logan-Baldwin Aff. ¶ 7.) In that regard, Plaintiffs contend that Defendants delayed more than 30 days beyond any one of four separate triggering events: service on April 6, 2007 of Plaintiff's motion to amend containing the claim under 42 U.S.C. § 1983; a chambers conference on April 12, 2007, with the State judge in which counsel discussed Plaintiffs' motion to amend and defense counsel noted his consent to the amendment; service on April 13, 2007 of the proposed order granting the amendment; and defense counsel's email of April 17, 2007, notifying Plaintiff's counsel and the court of his consent to the proposed order. (*Id*. ¶ 6.) Apparently, Plaintiff's counsel reasons that defense counsel's "late" motion shows he lacked an objectively reasonable basis for seeking removal. The Court disagrees, since here, based on Plaintiff's § 1983 claim, there was an "objectively reasonable" basis for this Court to exercise subject matter jurisdiction, and since, as the Court stated in its prior decision, the law on when the clock for removal starts was not

settled. Thus, under either measure, the Court cannot find that Defendants' removal was objectively unreasonable.  *See, e.g., Good Energy, L.P. v. Kosachuk*, No. 06 Civ. 1433 (LTS)(KNF), 2006 U.S. Dist. LEXIS 23396, *4 (S.D.N.Y. April 24, 2006) ("Here, it cannot be said that Defendant's assertion that complete diversity jurisdiction existed between the parties at the time of removal lacked an objectively reasonable basis."); *Houston v. Scheno*, No. 06-CV-2901 (SJF), 2007 U.S. Dist. LEXIS 56076, *12 (E.D.N.Y.  Jul. 31, 2007) ("Although defendant did not meet his burden of establishing the amount in controversy to support diversity jurisdiction, he had an objectively reasonable basis to seek removal to this Court and no unusual circumstances exists which might otherwise warrant an award of costs and attorney's fees."); *Connecticut Housing Finance Authority, v. Eno Farms Limited Partnership and Eno Farms Cooperative Association, Inc.*,  No. 3:07cv319(AHN), 2007 U.S. Dist. LEXIS 41377, *13 (D. Conn. June 6, 2007) ("[B]ecause the removed action clearly lacked any federal question and none of the bases given by the Cooperative for removal had any basis in law, the court finds that the Cooperative's removal of CHFA's state-court action was objectively unreasonable.").

Although an objectively reasonable basis for removal existed, a district court may nonetheless award attorney's fees and costs under § 1447(c) in what the Supreme Court labeled "unusual circumstances." *Martin*, 546 U.S. at 141. However, since Plaintiffs in this case have not asserted "unusual circumstances," an award is not justified under *Martin*. Finally, the Court determines that no award is available under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b) (2000). To qualify for an award of attorney's fees under that Act, Plaintiff must be a "prevailing party."  The Supreme Court defined a

prevailing party as one who has "succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing the suit…. [This] requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (internal citation omitted). Under this definition, the Court cannot find that Plaintiff, by having successfully obtained remand of this case to the State court, is a prevailing party.

## CONCLUSION

For the reasons stated above, Plaintiff's motion (# 12) for attorney's fee and costs is denied.

It Is So Ordered.

DATED:   October 18, 2007
         Rochester, New York

                              ENTER.

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge